Curia, per

O’Neall, J.
That the Court of Law has not the power to set aside its own judgments, when founded in fraud, would be a strange proposition. For certainly if the judgment becomes thereby void, and another tribunal could relieve against it, there can be no good reason why the Court pronouncing the judgment should not vacate it. Indeed, there is great propriety in a Court vacating its own judgment, when it is rendered under such circumstances of mistake, fraud, or surprise, as would entitle the party to relief elsewhere. The case of Posey vs. Underwood, *192 (1 Hill, 262,) states the true rule. The power of setting aside judgments, it remarks, “is exercised as between the parties, on matters out of and beyond the record, as when a judgment has been obtained by duress, by misrepresentation to the defendant, or an abuse of the process of the Court.’’
See 4 Rich. 168, 512; 6 Rich. 491, 495; 1 Sp. 39, 114. An.
Irby, for the motion. Young, contra.
The case made by the affidavits is, that the confession -was not signed by the defendants, Mary Dial and William Henderson. If this be so, the predicate of the judgment is destroyed, and the Court had no power to give it, and it is as much a duty to set it aside, as it would be to set aside a judgment where the defendant had not been served with process. I think it is very probable, from the affidavits submitted on the part of the plaintiff, that there is no foundation in fact for the motion to vacate the judgment.
Whether there is or is not, it is perfectly clear that no blame can attach to the plaintiff, for if the defendants have been improperly subjected to the judgment, it has been by the forgery of their co-defendant, G. C. Dial, committed with a view to defraud the plaintiff. The collision between the affidavits makes it necessary that the case should pursue the only course by which truth can be elicited — a trial by jury. The proper course would have been, on the showing of the defendants, to *have granted a rule against the plaintiff, returnable to the next term, to show cause why the judgment should not be set aside, and to have directed that the affidavits submitted by the defendants should be filed. To them the plaintiff would have answered by filing counter affidavits. But as affidavits on both sides have been submitted, and the conflict in fact is apparent, the order will be made at once, which the Circuit Judge might have made. The motion to reverse the decision below is granted. The affidavits submitted by the defendants and plaintiff, are ordered to be filed in the clerk’s office of Laurens District, and the defendants have leave to file their suggestion to set aside the judgment of Patillo Farrow vs. G. C. Dial, Mary Dial, and Wm. Henderson, on entering into a consent rule to pay to the plaintiff all costs which he may incur thereby, if they should fail in setting aside the said judgment; and the said plaintiff is ordered to plead to the said suggestion so to be filed, The defendants to be the actors in the said suggestion.
The whole Court concurred.